## HENRY M. POST *vs.* GEORGE SMITH.

*A*, owning a lot which, under a distribution, had an appurtenant right of way attached to it over an adjoining tract, conveyed the lot to *B*, with the right of way, and *B* immediately entered into possession of the lot and into the enjoyment of the way, but the deed was not recorded until after the servient lot had been conveyed by its owner to *C*. Held that the right of way enured to the lawful occupant of the *A* lot, irrespective of subsequent titles and the recording of deeds, and that consequently *B* was during all the time after taking his deed in the lawful enjoyment of the right of way.

TRESPASS *qu. cl. fr.*, brought to the Superior Court in New Haven county and tried to the jury before *Granger, J.* Verdict for defendant and motion for a new trial by the plaintiff. The point decided by the court will be sufficiently understood from the opinion, without a statement of the facts, which are complicated.

*H. B. Munson* and *J. T. Platt*, in support of the motion.

*Kellogg* and *Huntington*, contra.

BUTLER, J.   There is considerable complication in this record, and the questions raised are numerous, but a distinct examination of them is not necessary. Two or three conceded facts which stand out prominently in the case are conclusive of the rights of the parties, and the correctness of the verdict.

David Treadwell was originally the owner of both the dominant and servient tracts, as parts of his farm. He died in 1824. His daughter, Ruth Coe, quit-claimed her interest in the estate, before distribution, to her co-heirs Stephen, Robert, and Jerusha Treadwell; and they also, before distribution, conveyed the dominant tract to Aaron Lewis. Afterwards, upon the distribution of the estate of David Treadwell, the servient tract was set to Stephen, and the dominant tract to Ruth Coe, whose interest was then vested in Aaron Lewis. The distribution gave to Ruth Coe in terms, but in legal effect to Aaron Lewis, a right of way from the dominant tract over the servient tract to the highway, and subjected the servient

VOL. XXXV.—71

tract, as accepted by Stephen, to the way. The way was then necessary for the enjoyment of the Ruth Coe lot, and as created by the distribution *became appurtenant to it.* Aaron Lewis then, as the owner of the Ruth Coe lot, had an appurtenant right of way across the land now owned by the plaintiff.

In 1826 Aaron Lewis conveyed the Ruth Coe lot, expressly including the way, to Samuel Smith, under whom the defendant claimed. That deed was not recorded until after the plaintiff purchased the servient tract; but it appears that Samuel Smith, and the defendant who claims under him, *occupied* the Ruth Coe lot from the date of the deed until the time of the alleged trespass; and it further appears that the defendant claimed, and offered evidence to prove, that as such occupants they were in the enjoyment of the appurtenant right of way during the whole period. The motion does not show that the use of the way was denied. Nor does the motion show that there was any claim or pretence on the trial that that appurtenant right of way had ever been lost, or extinguished by non user, or any merger after the distribution of David Treadwell's estate was perfected and the way became appurtenant.

Under these circumstances it is perfectly apparent that a right of way over the land now owned by the plaintiff was created by the distribution of the estate of David Treadwell in 1824, and made appurtenant to the Ruth Coe lot, now of the defendant, and irrespective of subsequent titles, or the recording of deeds, enured to the *lawful occupant* of that tract whoever he might be; and therefore that the defendant as such occupant was in the lawful enjoyment of the way when the alleged trespass is claimed to have been committed. The verdict therefore was right, and justice has been done. The same result must necessarily be reached if a new trial should be had.

For this reason, without undertaking to consider or determine, the various questions raised upon the record and ably and elaborately argued, we are constrained to say that a new trial should be denied.

In this opinion the other judges concurred.